**Stuart B. Wolfe (SBN 156471)**
*sbwolfe@wolfewyman.com*
**Cathy L. Granger (SBN 156453)**
*clgranger@wolfewyman.com*
**WOLFE & WYMAN LLP**
**2301 Dupont Drive, Suite 300**
**Irvine, California 92612-7531**
**Telephone:  (949) 475-9200**
**Facsimile:   (949) 475-9203**

**H. Dickson Burton** (*pro hac vice to be filed*)
**Krista Weber Powell** (*pro hac vice to be filed*)
**TRASK BRITT, PC**
**230 South 500 East, Suite 300**
**Salt Lake City, Utah 84102**
**Telephone: (801) 532-1922**

**Attorneys for Plaintiff,**
**iFreedom Direct Corporation**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IFREEDOM DIRECT, CORPORATION,** a Utah corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**VETERAN FIRST MORTGAGE, INC., a California corporation**,<br><br>Defendants. | CASE NO.:  **'16CV0745 MMA NLS**<br><br>**PLAINTIFF'S COMPLAINT FOR: TRADEMARK INFRINGEMENT UNFAIR COMPETITION** |

Plaintiff iFreedom Direct Corporation ("iFreedom Direct") complains against Defendant Veteran First Mortgage, Inc. ("VFM Company") and alleges as follows:

///

///

1

## PARTIES

1. Plaintiff iFreedom is a Utah corporation, licensed to conduct business in California, with its principal place of business at 2363 South Foothill Drive Salt Lake City, Utah 84109.

2. Upon information and belief, Defendant VFM Company, was organized in May 2015 and is a California corporation with a principal place of business at 3110 Camino del Rio South, Suite 300, San Diego, California 92106.

## JURISDICTION AND VENUE

3. This Court has both federal question and diversity jurisdiction over this matter.

4. This is a civil action for unfair competition, trademark infringement arising under the common law and the Lanham Act, and in particular, 15 U.S.C. §§ 1114 and 1125 as well as deceptive trade practices under California law. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1338(a) and (b) and 15 U.S.C. § 1121(a).

5. This court may assert supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1338(b) and §1367(a) as all claims herein form part of the same case or controversy.

6. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

7. Venue is proper in this district under pursuant to 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**FACTUAL BACKGROUND**

A. **iFreedom Direct's Business and Its Trademarks**

8. iFreedom Direct is in the business of mortgage lending.

9. Since 1996, iFreedom Direct has provided more than 100,000 mortgages in the United States.

10. iFreedom Direct is the owner of United States Trademark Registration No. 4,769,837 (hereinafter, "the '837 Registration"), filed March 26, 2014, for the mark VETERANS FIRST MORTGAGE for use in connection with the provision of mortgage lending and mortgage refinancing. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 1.

11. The '837 Registration identified in paragraph 10 above remains active, valid and enforceable.

12. The '837 Registration issued on July 7, 2015 and, pursuant to 15 U.S.C. §1057(c), its constructive first use date and priority date is its filing date of March 26, 2014. Thus, the '837 Registration provides iFreedom Direct with priority in the mark VETERANS FIRST MORTGAGE over all who did not either 1) previously (before March 26, 2014) file trademark applications; or 2) previously

3

(before March 26, 2014) establish enforceable common law trademark rights (in a particular geographical area) by establishing legally sufficient market penetration.

13. Since its first use, iFreedom Direct has continuously used the mark VETERANS FIRST MORTGAGE in connection with mortgage services. Through this use, iFreedom Direct has developed goodwill in its VETERANS FIRST MORTGAGE mark. The mark VETERANS FIRST MORTGAGE has always been associated with quality mortgage services.

14. The VETERANS FIRST MORTGAGE mark is prominently displayed on iFreedom Direct's advertising materials in connection with a trademark notice.

15. iFreedom Direct is imminently preparing to launch a new and more intensive nationwide campaign promoting its mortgage lending and mortgage refinancing services throughout the United States under the VETERANS FIRST MORTGAGE mark, including in California.

B. **Defendants' Adoption of iFreedom Direct's Mark.**

16. Upon information and belief, at some time after May 1, 2015, VFM Company began promoting mortgage services in San Diego, California under the name VETERAN FIRST MORTGAGE and VETERAN FIRST MORTGAGE CENTERS ("Defendant's VF Marks").

///

17. Upon information and belief, VFM Company began advertising services on its website veteranfirstmortgagecenters.org in 2015, well after the iFreedom Direct's constructive first use date of March 26, 2014.

18. Upon information and belief, VFM Company has offered mortgage services in California under the names VETERAN FIRST, VETERAN FIRST MORTGAGE and VETERAN FIRST MORTGAGE CENTERS ("Defendant's VFM Marks").

19. Upon information and belief, VFM Company registered the domain veteransfirstmortgagecenters.com in October 2014 (after iFreedom's constructive use date) and uses and/or controls, directs and/or otherwise authorizes others to use the domain to unfairly compete with iFreedom Direct.

20. Since at least November 2015, VFM Company has had knowledge of iFreedom Direct's use and ownership of the VETERANS FIRST MORTGAGE mark. Further, iFreedom Direct has demanded, and VFM Company has refused, to cease and desist from all use of the VETERAN FIRST MORTGAGE mark.

21. VFM Company's use of VETERAN FIRST and the VETERAN FIRST MORTGAGE, VETERAN FIRST MORTGAGE CENTERS names and marks, and the veteranfirstmortgagecenters.org domain, in connection with mortgage services constitutes an infringement of iFreedom Direct's trademark. iFreedom Direct seeks, among other things, an injunction enjoining VFM Company's wrongful and unlawful use of VFM Company's VFM Marks for

5

mortgage services and seeks damages for the harm VFM Company has already caused.

22. VFM Company's continuous willful, intentional, and unauthorized use of the VFM Marks constitutes an infringement of iFreedom Direct's trademark rights. VFM Company should not be permitted to trade off of the VETERANS FIRST MORTGAGE brand, which is protected by the '837 Registration. iFreedom Direct's VETERANS FIRST MORTGAGE mark has also acquired goodwill and consumer recognition in the mortgage industry. VFM Company's use of the VFM Marks directly and unfairly competes with iFreedom Direct's trademark.

23. Accordingly, VFM Company should be preliminarily and permanently enjoined from using the VFM Marks, or any name confusingly similar to VETERANS FIRST MORTGAGE, in connection with mortgage services or related businesses. In addition, VFM Company is liable for damages caused by past infringements.

## COUNT I
## TRADEMARK INFRINGEMENT - VIOLATION OF SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114(1)

24. iFreedom Direct realleges and incorporates by reference paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25. iFreedom Direct owns the VETERANS FIRST MORTGAGE mark, including the '837 Registration. iFreedom Direct's constructive first use date

predates VFM Company's use of VETERAN FIRST, VETERAN FIRST MORTGAGE and VETERAN FIRST MORTGAGE CENTERS names and marks ("Defendant's VFM Marks").

26. VFM Company's use of Defendant's VFM Marks, and www.veteranfirstmortgagecenters.org domain in connection with the sale, provision and/or advertising for mortgage services and related products is confusingly similar to iFreedom Direct's use of its VETERANS FIRST MORTGAGE trademark for the same or similar services. VFM Company's use of Defendant's VFM Marks and www.veteranfirstmortgagecenters.com domain in connection with the sale, provision and/or advertising of mortgage services, places these marks in the same channels of trade as the services offered under iFreedom Direct's VETERANS FIRST MORTGAGE trademark and is likely to continue to cause confusion, or to cause mistake, or to deceive consumers.

27. VFM Company's use of the VETERAN FIRST and VETERANS FIRST MORTGAGE and VETERAN FIRST MORTGAGE CENTERS marks and www.veteranfirstmortgagecenters.com domain with marketing and advertising for its mortgage services is confusingly similar to iFreedom Direct's VETERANS FIRST MORTGAGE trademark and is likely to cause confusion as to the source of the services. By confusing and misleading consumers as to the origin of its services, VFM Company has infringed the rights of iFreedom Direct.

///

7

28. Section 32 of the Lanham Act, 115 U.S.C. §1114(1)(a), provides, in pertinent part that "[a]ny person who shall, without the consent of the registrant – use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant. . . ."

29. VFM Company's use of Defendant's VFM Marks, and the www.veteranfirstmortgagecenters.com domain in connection with mortgage services is an infringing use in interstate commerce of a reproduction, counterfeit, copy or colorable imitation of iFreedom Direct's VETERANS FIRST MORTGAGE trademark. VFM Company's sale, offering for sale, provision or advertising of services under iFreedom Direct's mark, or any marks similar thereto, causes and is likely to continue to cause confusion or mistake or to deceive the public as to the services or sponsorship of services offered in violation of 35 U.S.C. §1114(1).

30. As a direct and proximate result of VFM Company's infringement, iFreedom Direct has been and is likely to continue to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

///

31. Upon information and belief, VFM Company has acted willfully and wantonly with intent to injure iFreedom Direct.

32. iFreedom Direct is being damaged by the wrongful actions of VFM Company in an amount to be established at trial, and that includes all of VFM Company's profits and all of iFreedom Direct's damages, including its lost profits. iFreedom Direct is also entitled to punitive damages in amount not less than three times actual damages.

33. iFreedom Direct is being irreparably injured by the unlawful acts of VFM Company. iFreedom Direct has no adequate remedy at law. Therefore, iFreedom Direct is entitled to a preliminary and permanent injunction prohibiting VFM Company from further use of iFreedom Direct's VETERANS FIRST MORTGAGE trademark or any term confusingly similar, including the VETERAN FIRST, VETERAN FIRST MORTGAGE and VETERAN FIRST MORTGAGE CENTERS marks.

34. iFreedom Direct is entitled to recover its attorneys' fees and costs.

## COUNT II
## FEDERAL UNFAIR COMPETITION—FALSE DESIGNATION OF RIGIN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

35. iFreedom Direct realleges and incorporates by reference paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

///

9

36. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation . . . or as to the origin, sponsorship, or approval of . . . goods [or] services . . . shall be liable in a civil action . . . ."

37. The acts of VFM Company in marketing, promoting, and offering mortgage services on its website and the Internet and through retail outlets using iFreedom Direct's VETERANS FIRST MORTGAGE mark or confusingly similar marks constitutes:

38. a) a false designation of origin;

39. b) a false and misleading description of fact; and

40. c) a false and misleading representation of fact

41. that caused and is continuing to cause and is likely to cause and continue to cause confusion and mistake and to deceive as to the affiliation of VFM Company's business with iFreedom Direct's established business, and to cause or likely cause confusion and mistake and to deceive consumers into believing that iFreedom Direct sponsors or approves of the services that VFM Company provide, in violation of 15 U.S.C. § 1125(a).

///

10

42. As a direct and proximate result of VFM Company's unfair competition, iFreedom Direct has been and will be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

43. VFM Company's on-going acts of infringement in violation of 15 U.S.C. § 1125(a) are malicious, fraudulent, willful, and deliberate.

44. VFM Company's on-going acts of infringement in violation of 15 U.S.C. § 1125(a) have inflicted irreparable harm on iFreedom Direct. Therefore, iFreedom Direct is entitled to an injunction prohibiting VFM Company from further use of iFreedom Direct's mark VETERANS FIRST MORTGAGE or any term confusingly similar, including VETERAN FIRST, VETERAN FIRST MORTGAGE and VETERAN FIRST MORTGAGE CENTERS and the www.veteranfirstmortgagecenters.com domain.

45. iFreedom Direct has no adequate remedy at law because iFreedom Direct's VETERANS FIRST MORTGAGE mark is unique and represents to the public iFreedom Direct's identity, reputation, and goodwill, such that damages alone cannot fully compensate iFreedom Direct for VFM Company's misconduct.

46. Unless enjoined by the Court, VFM Company's will continue to compete unfairly with iFreedom Direct. The resulting irreparable injury to iFreedom Direct's business identities, goodwill, and reputation requires injunctive

47. relief to prevent VFM Company's continued unfair competition, and to ameliorate and mitigate iFreedom Direct's injuries.

48. As a result of VFM Company's unfair competition, VFM Company owes damages, restitution, and disgorgement of profits, in an amount unknown at this time to iFreedom Direct, and which amount cannot be ascertained without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from VFM Company.

49. This case is exceptional within the meaning of 15 U.S.C. §1117(a) and iFreedom Direct is entitled to recover its attorney's fees and costs.

## COUNT III
## FEDERAL UNFAIR COMPETITION—CYBERPIRACY
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(d)

50. iFreedom Direct realleges and incorporates by reference paragraphs 1 through 44 of this Complaint, as if fully set forth herein.

51. 15 U.S.C. § 1125(d), provides in pertinent part that "[a] person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if without regard to the good or services of the parties, that person – (i) has a bad faith intent to profit from that mark. . . ; and (ii) registers, traffics in, or uses a domain name that – (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark. . . ."

12
PLAINTIFF'S COMPLAINT

52. The acts of VFM Company in marketing, promoting, and providing mortgage services using the www.economylodgestgeorge domain name and trade mark constitutes:

53. a) a bad faith intent to profit from iFreedom Direct's mark; and

54. b) an intent to divert consumers away from iFreedom Direct

55. that caused and is continuing to cause confusion and mistake and to deceive as to the affiliation of VFM Company's business and services as being affiliated with iFreedom Direct and to cause confusion and mistake and to deceive consumers into believing that iFreedom Direct sponsors or approves of the services that VFM Company provide in violation of 15 U.S.C. § 1125(d).

56. The acts of VFM Company complained of herein constitute cybersquatting under 15 U.S.C. §1125(d).

57. As a direct and proximate result of VFM Company's unfair competition, iFreedom Direct has been and will be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

58. VFM Company's on-going acts of infringement in violation of 15 U.S.C. § 1125(d) are malicious, fraudulent, willful, and deliberate.

59. iFreedom Direct has no adequate remedy at law because consumers have mistakenly believed and will continue to mistakenly believe that VFM Company's "www.veteransfirstmortgagecenters.com," website is affiliated,

associated, or otherwise sponsored by iFreedom Direct, which will result in harm to iFreedom Direct's identity, reputation, and goodwill, such that damages alone cannot fully compensate iFreedom Direct for VFM Company's misconduct.

60. Unless enjoined by the Court, VFM Company will continue to compete unfairly with iFreedom Direct The resulting irreparable injury to iFreedom Direct's business identities, goodwill, and reputation requires injunctive relief to prevent VFM Company's continued unfair competition, and to ameliorate and mitigate iFreedom Direct's injuries.

61. As a result of VFM Company's cybersquatting, VFM Company owes damages, restitution, and disgorgement of profits, in an amount unknown at this time to iFreedom Direct, and which amount cannot be ascertained without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from VFM Company.

**COUNT IV**
**UNFAIR COMPETITION**
**(STATUTORY CAL. B&P 17200 et seq.)**

62. iFreedom Direct realleges and incorporates by reference paragraphs 1 through 53 of this Complaint, as if fully set forth herein.

63. VFM Company has committed acts of unfair competition, including the practices and conduct referred to in this Complaint. These actions constitute unlawful, unfair or fraudulent business acts or practices and/or unfair, deceptive, untrue or misleading business practices. These actions were done in connection

with sales or advertising of services using a trademark which is confusingly similar to iFreedom Direct's federal trademark registration.

64. VFM Company's use of iFreedom Direct's VETERANS FIRST MORTGAGE mark, or a confusingly similar mark, for mortgage services is confusingly similar to iFreedom Direct's use of its VETERANS FIRST MORTGAGE marks for identical services. VFM Company's use of VETERAN FIRST, VETERAN FIRST MORTGAGE and VETERAN FIRST MORTGAGE CENTERS, and the www.veteranfirstmortgagecenters.com domain, or any confusingly similar mark, in connection with the sale, advertising and promotion of mortgage services, occurs in the same or similar channels of trade as the services offered under iFreedom Direct's VETERANS FIRST MORTGAGE trademark.

65. VFM Company is improperly trading on the goodwill iFreedom Direct has earned with the purchasing public for mortgage services by causing the public to be confused as to the sponsorship or affiliation of VFM Company's services.

66. As a direct and proximate results of VFM Company's wrongful acts, iFreedom Direct has suffered and continues to suffer substantial pecuniary losses and irreparable injury to its business reputation and goodwill. As such, iFreedom Direct's remedy at law is not adequate to compensates for injuries inflicted by

VFM Company. Accordingly, iFreedom Direct is entitled to temporary, preliminary and permanent injunctive relief.

67. As a result of such wrongful acts, iFreedom Direct has been deprived of, among other damages, the profits and benefits of business relationships, agreements and transactions with third parties and/or prospective business relationships.

68. iFreedom Direct has been damaged by VFM Company in an amount to be set at trial. VFM Company has wrongfully obtained profit and benefits instead of iFreedom Direct. iFreedom Direct is entitled to compensatory damages and disgorgement of VFM Company's profits in an amount to be proven at trial.

69. Such acts, as allege above, were done with malice, oppression and/or fraud, thus entitling iFreedom Direct to exemplary and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, iFreedom Direct respectfully prays for the following relief against VFM Company:

A. The entry of a preliminary and permanent injunction enjoining VFM Company, its officers, directors, shareholders, agents, servants, employees, and those persons or entities in active concert or participation with them:

    1. From using iFreedom Direct's VETERANS FIRST MORTGAGE trademark or any trademark, service mark, logo or trade name, including VETERAN FIRST, VETERAN

16
PLAINTIFF'S COMPLAINT

FIRST MORTGAGE, VETERAN FIRST MORTGAGE CENTER or the www.veteranfirstmortgagecenters.com domain, that is confusingly similar for mortgage services or related services, and including in connection with Google or any other Internet search engine;

2. Requiring VFM Company to promptly eliminate any and all advertising using VETERAN FIRST or VETERAN FIRST MORTGAGE or VETERAN FIRST MORTGAGE CENTERS, or the www.veteranfirstmortgagecenters.com domain, or any other confusingly similar designations, including in connection with the above-referenced services, from all service advertising, the Internet, search engines, web sites, all media, including, but not limited to, newspapers, flyers, coupons, promotions, indoor and outdoor signs, telephone books, telephone directory assistance listings, and mass mailings, all at VFM Company's cost;

3. From passing off any of the products or services they offer, as those of iFreedom Direct;

4. From causing a likelihood of confusion or misunderstanding as to the source, sponsorship or affiliation of the businesses,

PLAINTIFF'S COMPLAINT

products or services that offer by using identical or similar marks;

5. Requiring VFM Company to file with the Court and to serve upon iFreedom Direct's counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order;

6. Requiring VFM Company to transfer ownership of the domain www.veteranfirstmortgagecenters.com to iFreedom Direct.

B. Entry of an Order:

1. Awarding to iFreedom Direct all damages caused by VFM Company;

2. Awarding iFreedom all of VFM Company's profits derived from its use of VETERAN FIRST, VETERAN FIRST MORTGAGE, VETERAN FIRST MORTGAGE CENTERS or www.veteranfirstmortgagecenters.com in the course of business;

3. Finding that VFM Company acted knowingly, willfully, wantonly, reprehensibly, maliciously, deceitfully, unconscionably, and recklessly and awarding to iFreedom

PLAINTIFF'S COMPLAINT

Direct treble damages and/or such other punitive or exemplary award allowed by law;

4. Awarding iFreedom Direct costs and expenses, including reasonable attorneys' fees, incurred by iFreedom Direct in connection with this action as provided for by statute or by law;

5. Deactivating and transferring the website www.veteranfirstmortgagecenters.com to iFreedom Direct; and

6. Granting such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, iFreedom Direct hereby demands a trial by jury in this action for all issues that are triable to a jury.

DATED: March 30, 2016      WOLFE & WYMAN LLP

By:    *s/ Cathy L. Granger*
    STUART B. WOLFE
    CATHY L. GRANGER
Attorneys for Plaintiff,
iFreedom Direct Corporation